

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 19SL-CC03089 |
| Plaintiff/Petitioner:<br>CHRIS RENTERIA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>EDWIN CHARLES ERNST IV<br>13321 NORTH OUTER FORTY ROAD<br>SUITE 600<br>ST LOUIS, MO  63017 |
| Defendant/Respondent:<br>801 RESTAURANT GROUP, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  801 RESTAURANT GROUP, LLC
Alias:

SERVE AT: BRCS INC
2323 GRAND BLVD SUITE 100
KANSAS CITY, MO  64108



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

26-JUL-2019
Date                                                    _____ Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____        _____
                                         Date                                   Notary Public

**Exhibit A**

**Sheriff's Fees, if applicable**
Summons                                    $_____
Non Est                                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $_____10.00_____
Mileage                                    $_____ (_____ miles @ $._____ per mile)
**Total**                                      $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CHRIS RENTERIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| 801 RESTAURANT GROUP LLC ) | Division No. |
| **Serve at:** BRCS, Inc. ) | |
| 2323 Grand Blvd., ) | |
| Suite 100 ) | |
| Kansas City, MO 64108 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL REQUESTED** |

## Petition

### Introduction

1. Chris Renteria brings this action against Defendant 801 Restaurant Group LLC under the Missouri Human Rights Act, §§ 213.010 *et seq.*, RSMo. Defendant subjected Renteria to a race and religious discrimination because he is Hispanic and Jewish and retaliated against him.

### Parties

2. Plaintiff, Renteria, is a resident of St. Louis County, Missouri.

3. Defendant 801 Restaurant Group, LLC is a Delaware limited liability company that operates sister restaurants in St. Louis County, Missouri. At all relevant times, Defendant maintained offices and facilities for conducting its business, including the operation of 801 Chophouse, in St. Louis County, Missouri.

4. At all relevant times, Defendant employed six or more employees and was an employer within the meaning of the MHRA. At all relevant times, Defendant employed Renteria at its 801 Chophouse restaurant in St. Louis County, Missouri.

**Jurisdiction and Venue**

5. Jurisdiction and venue are proper in this Court under § 213.111.1, RSMo., because Defendant's unlawful employment practices against Renteria were committed in St. Louis County, Missouri.

**Exhaustion of Remedies**

6. On October 11, 2018, Renteria filed a timely charge of discrimination against Defendant with the Missouri Commission on Human Rights, which he amended on April 16, 2019. On April 29, 2019 the MCHR issued a Notice of Right to Sue to Renteria. This action has been filed within 90 days of its issuance.

**Background**

7. Beginning in January 2014, Renteria has been employed as a "Green Coat" server at the 801 Chophouse located in Clayton, Missouri, which is owned and operated by Defendant. Throughout his employment, Renteria has been subjected to a hostile work environment because of his race and religion – Hispanic and Jewish respectively. Much of the harassment occurred at the hands of or in the presence of the Executive Chef, Chris Dennis, and/or another manager, Ian Rockwell, both of whom are white and neither of whom, upon information and belief, is Jewish.

*Race Discrimination Permeates 801 Chophouse*

8. Racism is alive and well at 801 Chophouse. At the very outset of Renteria's employment, Dennis and Rockwell gave him the racially-charged nickname "Rodriguez" because of his race. Throughout his employment, they and other white co-workers have continued to use the nickname "Rodriguez," including on posted work schedules. The former General Manager of 801 Chophouse, Todd Martin, also used the racist nickname despite knowing Renteria's real name.

9. Renteria complained to management about being called "Rodriguez," but nothing was done to stop it. On another occasion, a female co-worker overheard Chef Dennis calling Renteria "Rodriguez" and admonished him to stop, saying "That is not his name, it is offensive, you cannot call him Rodriguez." But Chef Dennis replied, "Why not, I always do."

10. Renteria has also been made to endure insidious racism against other minorities, including African-Americans. For instance, Chef Dennis, other white managers, and some white co-workers referred to tables with African-American customers disparagingly as "TOCs," short for "Tables of Color." When Renteria complained about it, the perpetrators merely replaced their original code with new codes like "cat enthusiast" or "beware of separate check policy," which would also be noted on the computer next to the customer's reservation.

11. Likewise, when Chef Dennis learned that a new hostess at the steakhouse was African-American, he sneered to Renteria that he hoped she was not a "black revolutionary."

12. On another occasion, Renteria heard a group of employees referring to African-Americans as the "N" word in Spanish. Renteria explained to a manager, Emily Morgan, what was happening and that he was tired of complaining about the hostile work environment with nothing being done about it.

13. Renteria also was present for a conversation in which co-workers made bigoted comments to Chef Dennis about a dinner party in a private room. Renteria's co-worker believed the customers were Middle Eastern and/or Islamic. The co-worker said, "There is an Al-Qaeda cell in room 105." Another employee followed up and said, "Seriously, it smells like camel jizz in that room." Chef Dennis laughed at these racist comments in front of Renteria.

*Anti-Semitism Also Thrives at 801 Chophouse*

14. Anti-Semitism is also rampant at 801 Chophouse. Chef Dennis, who knew that Renteria is Jewish and who upon information and belief is not himself Jewish, has frequently made derogatory comments to Renteria about "your people" by which he plainly meant Jewish people. He also allowed some of Renteria's co-workers to perpetrate anti-Semitism by, for instance, ridiculing the "cheapness" of Jewish people.

15. On or about November 16, 2018, Renteria and his co-workers were discussing ways in which restaurant gift cards were being improperly used to obtain extra "holiday points." When the discussion turned to the topic of which customers were misusing the gift cards, one co-worker said to Renteria, "Like your cousins," referring to his Jewish background, and then another co-worker chimed in, "Like most of the residents upstairs." Martin was present for this discussion.

16. Upon information and belief, no one at 801 Chophouse has been disciplined for the anti-Semitic or other discriminatory behavior set out above, despite Renteria's complaints.

**Count I: Race Discrimination in Violation of the MHRA**

17. Renteria re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 16, and further alleges as follows:

18. Over the course of his employment with Defendant, Renteria has been subjected to unwelcome, offensive, harassing, and discriminatory conduct of a racial-biased nature by his supervisors and co-workers because he is Hispanic.

19. The unwelcome, offensive, harassing, and discriminatory conduct has been sufficiently severe and pervasive that it created an intimidating, hostile, abusive, and offensive work environment at Defendant's workplace.

20. Defendant's supervisors perpetrated and/or knew or should have known of the unwelcome, offensive, harassing, and discriminatory conduct against Renteria.

21. Defendant failed to exercise reasonable care to prevent or to promptly and effectively correct the unwelcome, offensive, harassing, and discriminatory conduct.

22. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Renteria.

23. Renteria's race was a motivating factor in his treatment by Defendant within the meaning of the MHRA.

24. Defendant, by its actions and failure to act, including, but not limited to, those described above, has discriminated against Renteria because of his race in violation of the MHRA.

25. As a result of Defendant's actions and failures to act, Renteria has experienced emotional distress and humiliation, and has incurred and will incur attorneys' fees and costs in connection with this matter.

26. Defendant's conduct was outrageous because of its evil motive and reckless indifference to Renteria's rights and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff Chris Renteria prays for judgment in his favor against Defendant 801 Restaurant Group, LLC for compensatory damages, punitive damages, pre-judgment interest, attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

**Count II: Religious Discrimination in Violation of the MHRA**

27. Renteria re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 26, and further alleges as follows:

28. Over the course of his employment with Defendant, Renteria has been subjected to unwelcome, offensive, harassing, and discriminatory conduct of a racial-biased nature by his supervisors and co-workers because he is Jewish, including, but not limited to, the activities set forth in this Petition.

29. The unwelcome, offensive, harassing, and discriminatory conduct has been sufficiently severe and pervasive that it created an intimidating, hostile, abusive, and offensive work environment at Defendant's workplace.

30. Defendant's supervisors themselves perpetrated or knew or should have known of the unwelcome, offensive, harassing, and discriminatory conduct against Renteria.

31. Defendant failed to exercise reasonable care to prevent or promptly and effectively correct the unwelcome, offensive, harassing, and discriminatory conduct.

32. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Renteria.

33. Renteria's religion was a motivating factor in his treatment by Defendant within the meaning of the MHRA.

34. Defendant, by its actions and failure to act, including, but not limited to, those described above, has discriminated against Renteria because of his religion in violation of the MHRA.

35. As a result of Defendant's actions and failures to act, Renteria has experienced emotional distress and humiliation, and has incurred and will incur attorneys' fees and costs in connection with this matter.

36. Defendant's conduct was outrageous because of its evil motive and reckless indifference to Renteria's rights and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff Chris Renteria prays for judgment in his favor against Defendant for compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

### Count III: Retaliation in Violation of the MHRA

37. Renteria re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 36, and further alleges as follows:

38. Renteria made multiple complaints to Defendant in opposition to its discriminatory actions and failures to act, including, but not limited to, those described in this Petition.

39. In reaction to Renteria's opposition to Defendant's discriminatory actions and failures to act, Defendant has stopped scheduling Renteria for new shifts at work.

40. Renteria's opposition to discrimination has been a motivating factor in this mistreatment by Defendant.

41. Defendant, by its actions and failure to act, including but not limited to those described above, has retaliated against Renteria because of his opposition to Defendant's discriminatory acts in violation of the MHRA.

42. As a result of Defendant's actions and failures to act, Renteria has experienced emotional distress and humiliation, and has incurred and will incur attorneys' fees and costs in connection with this matter.

43. Defendant's conduct was outrageous because of its evil motive and reckless indifference to Mueller's rights and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff Chris Renteria prays for judgment in his favor against Defendant for lost wages and other benefits of employment, compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

- 8 -

Respectfully submitted,

ERNST LAW FIRM LLC


By:_____/s/ Edwin C. Ernst, IV_____
      Edwin C. Ernst, IV #57521
      Jeffrey W. Ernst #58658
      13321 N. Outer Forty Rd., Suite 600
      St. Louis, Missouri 63017
      (314) 690-1744 Telephone
      (314) 448-4300 Facsimile
      eddie@ernstlawfirm.net
      jeffrey@ernstlawfirm.net


*Attorneys for Plaintiff*
*Chris Renteria*

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CHRIS RENTERIA, | |
| Plaintiff, | |
| v. | Case No. 19SL-CC03089 |
| 801 RESTAURANT GROUP, LLC, | Div. 4 |
| Defendants. | |

**RETURN OF SERVICE MEMORANDUM**

COMES NOW Plaintiff, Chris Renteria, and hereby files the Affidavit of Service reflecting service upon Defendant, 801 Restaurant Group, LLC on August 15, 2019.

Respectfully submitted by:

ERNST LAW FIRM LLC

By: */s/ Edwin C. Ernst, IV*
Edwin C. Ernst, IV #57521
Jeffrey W. Ernst #58658
13321 N. Outer Forty Rd., Suite 600
St. Louis, Missouri 63017
(314) 690-1744 Telephone
(314) 448-4300 Facsimile
eddie@ernstlawfirm.net
jeffrey@ernstlawfirm.net

Attorneys for Plaintiff Chris Renteria

# AFFIDAVIT OF SERVICE

State of Missouri          County of St. Louis          Circuit Court

Case Number: 19SL-CC03089

Plaintiff/Petitioner:
**CHRIS RENTERIA**

vs.

Defendant/Respondent:
**801 RESTAURANT GROUP, LLC.**

Received by HPS Process Service & Investigations to be served on **801 Restaurant Group, LLC Serve at: BRCS INC, 2323 Grand Boulevard, Suite 100, Kansas City, MO 64108.**

I, NATHANIEL SCOTT, being duly sworn, depose and say that on the **15th day of August, 2019 at 9:48 am**, I:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Notice of Alternative Dispute Resolution Services; and Petition** to Kathleen Webster, Controller at the address of **2323 Grand Boulevard, Suite 100, Kansas City, MO 64108.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ____ day of _____, ____ by the affiant who is personally known to me.

NOTARY PUBLIC

A. MOON
My Commission Expires
February 21, 2021
Clay County
Commission #13552207

NATHANIEL SCOTT
Process Server

HPS Process Service & Investigations
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2019015774

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JOSEPH SHOCKLEE DUEKER | Case Number: 19SL-CC03089 |
| Plaintiff/Petitioner: CHRIS RENTERIA | Plaintiff's/Petitioner's Attorney/Address EDWIN CHARLES ERNST IV 13321 NORTH OUTER FORTY ROAD SUITE 600 ST LOUIS, MO 63017 |
| vs. | |
| Defendant/Respondent: 801 RESTAURANT GROUP, LLC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: 801 RESTAURANT GROUP, LLC
Alias:

SERVE AT: BRCS INC
2323 GRAND BLVD SUITE 100
KANSAS CITY, MO 64108



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

26-JUL-2019
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Kathleen Webster (name) Controller (title).
☐ other _____
Served at 2323 Grand Blvd. Ste. 1100 Kansas City, MO 64108 (address)
in Jackson (County/City of St. Louis), MO, on 8·15·19 (date) at 9:48 A.M. (time).
Nathaniel Scott                                                          M. SHI P.P.S.
Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

A. MOON
My Commission Expires
February 21, 2021
(Seal)
Clay County
Commission #...

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 8/16/19 (date).
My commission expires: _____
                        Date                                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.